# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN ANTHONY GARCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. LEWIS, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00609-DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

　　　Plaintiff Julian Anthony Garcia ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his complaint on March 2, 2015, and it was transferred to this Court on April 15, 2015.  Plaintiff names Correctional Counselors Lewis, Vansickle, Stelter and Doe, Deputy Warden Gutierrez, Warden Holland and Appeals Coordinators Rosander, Wood and Doe as Defendants.[1]

**A.**　**SCREENING REQUIREMENT**

　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on May 7, 2015.

1

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.**     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at High Desert State Prison. The events at issue occurred while Plaintiff was incarcerated at California Correctional Institution ("CCI") in Tehachapi, California.

Plaintiff alleges that he arrived at CCI on January 9, 2014, with five months remaining on a fifteen-month SHU term for possession of an inmate manufactured weapon. The "most-earliest-

release-date ('MERD')" was June 15, 2014.  ECF No. 1, at 4.  Defendant Lewis was Plaintiff's counselor at this time.  Sometime in April or May 2014, Defendant Vansickle replaced Defendant Lewis as Plaintiff's counselor.

On June 11, 2014, four days before his MERD, Plaintiff was taken before an Inmate Classification Committee ("ICC") by Defendant Vansickle for a pre-MERD review.  ICC ordered that Plaintiff be released from the SHU on June 15, 2014, and placed in Ad-Seg pending transfer to an appropriate institution.  Plaintiff alleges that Defendant Vansickle was supposed to present Plaintiff's case to the Classification Staff Representative ("CSR") for approval and endorsement to an appropriate facility.  Plaintiff states that it is CDCR's policy to take inmates to ICC thirty days prior to their SHU-MERD and present the case to CSR for approval and endorsement.  Plaintiff believes that this is done so that the inmate is endorsed and ready for transfer upon completion of his SHU term, so as to avoid additional time in Ad-Seg.

Plaintiff alleges that Defendants Lewis and Vansickle failed to take Plaintiff to back to ICC within the proper time frame.  He also alleges that Defendant Stelter, as the Superior Correctional Counselor, failed to intervene.  As a result, Plaintiff was taken to ICC only four days prior to his MERD, meaning that he would have to remain in Ad-Seg for a longer period awaiting CSR endorsement.

On June 17, 2014, Plaintiff was moved to Ad-Seg to await endorsement and transfer, and contends that he was supposed to be taken back to ICC within ninety days of his last meeting if he was not endorsed prior to that time.

As of September 9, 2014, ninety days later, Plaintiff had not been taken before the ICC for reclassification.

Plaintiff began filing inmate appeals to Defendants Rosander and Wood, who "for the most part," never responded.  ECF No. 1, at 6.  Plaintiff believes that these Defendants, along with other staff members, created a method to manipulate the grievance procedure to prevent inmates from filing their appeals.  Plaintiff states that one appeal was answered, but it was returned to him because he raised too many issues in one appeal and because it lacked supporting documents.

1    Plaintiff alleges that he made corrections to the appeal and resubmitted it, but he never
2 received a response.
3    On October 23, 2014, Defendant Vansickle took Plaintiff back to ICC for reclassification.
4 Plaintiff was advised that his case had never been reviewed by CSR due to an administrative error.
5 Plaintiff contends that Defendant Doe, the CSR for inmate transfers and Defendant Vansickle's
6 supervisor, contributed to the additional punishment by not intervening and granting Plaintiff an
7 immediate/priority transfer.  He contends that Defendant Doe failed to take such action even after
8 viewing Plaintiff's case and learning that he had been kept in Ad-Seg for months past what is usual.
9    As of January 19, 2015, seven months after he completed his SHU term, Plaintiff had not yet
10 been transferred or even endorsed, or taken back to ICC for reclassification.  Plaintiff believes that
11 Defendant Gutierrez, Chief Deputy Warden, failed to intervene and correct his subordinates, which
12 contributed to the punishment.
13    Finally, Plaintiff alleges that Defendant Holland, the Warden of CCI, failed to intervene in
14 Plaintiff's transfer.
15    Plaintiff explains that the conditions in Ad-Seg are far worse than those of every day prison
16 life, as inmates do not get adequate cleaning supplies, have dirty and stained mattresses, cannot have
17 electronic devices, are served cold food sometimes on dirty trays, and receive only three hours of
18 yard every two to three weeks.  Plaintiff states that he was once forced to stay in his cell with a
19 broken toilet for five days.  Plaintiff faults Defendant Holland for failing to intervene to "bring this
20 institution up to par" and allowing subordinates to run the program as they see fit.  ECF No. 1, at 9.

21 **C.    DISCUSSION**
22        1.    Eighth Amendment
23    The Eighth Amendment's prohibition against cruel and unusual punishment protects
24 prisoners not only from inhumane methods of punishment but also from inhumane conditions of
25 confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v.
26 Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101
27 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often
28 are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.

4

Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's Eighth Amendment claim against Defendants Lewis and Vansickle is based on his contention that their failure to take, or return, him to ICC within a timely manner resulted in a longer Ad-Seg confinement. His claim fails for two reasons. First, while Plaintiff complains of less outdoor time, a backed-up toilet for five days, and generally unfavorable conditions in Ad-Seg, these deprivations are not sufficiently serious. The backed-up toilet was a temporary issue, and temporary issues generally do not rise to the level of a sufficiently serious deprivation. See e.g. Chappell v. Mandeville, 706 F.3d 1052, 1060-1061 (9th Cir. 2013) (deprivation of bedding for seven days did not violate Eighth Amendment); Centeno v. Wilson, 2011 WL 836747 (E.D.Cal. Mar. 4, 2011) (sleeping on cold floor without mattress or blanket for seven days did not violate Eighth Amendment), aff'd by Centeno v. Wilson, 479 Fed. Appx. 101 (9th Cir.2012) (unpublished); Anderson, 45 F.3d at 1314 (temporary placement in safety cell that was dirty and smelled bad did not constitute Eighth Amendment violation); Smith v. Copeland, 87 F.3d 265, 269 (8th Cir.1996) (no constitutional violation where pretrial detainee subjected to overflowed toilet for four days);

1  May v. Baldwin, 109 F.3d 557, 565–66 (9th Cir.1997) (temporary twenty-one day denial of outdoor exercise, with no medical effects is not a substantial deprivation under the Eighth Amendment).

As to Plaintiff's remaining allegations about outdoor exercise, a dirty mattress, cold food or lack of cleaning supplies, they do not rise to the level of a severe deprivation. Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992).

Second, even if the conditions complained of were sufficiently serious, Plaintiff must show that prison officials were not only "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." Farmer, 511 U.S. at 837. Plaintiff has not identified specific individuals who were deliberately indifferent to his safety and well-being. In other words, while Plaintiff complains of the conditions in Ad-Seg, he does not allege that any of the named Defendants were responsible for imposing the conditions of which he complains. In fact, Plaintiff does not allege that any particular prison official imposed such deprivations. He alleges that Defendants failed to take him to ICC, but this does not translate into a finding that they knew that the conditions in Ad-Seg posed a substantial risk of harm to Plaintiff and failed to prevent such harm. He therefore fails to allege that any Defendant acted with the requisite state of mind.

The Court also notes that Plaintiff alleges that Defendant Vansickle replaced Defendant Lewis as Plaintiff's counselor in April or May 2014, months before he contends that he should have been returned to ICC.

Insofar as Plaintiff attempts to state a claim against Defendants Gutierrez, Holland, Stelter and Doe for failing to intervene with their subordinates' actions, he fails to state a claim. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A

supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.

First and foremost, there can be no liability against a supervisor where there is no underlying claim against a subordinate employee. Second, at least as to Defendants Holland, Gutierrez and Stelter, even if Plaintiff stated a claim against Defendants Lewis or Vansickle, he fails to sufficiently allege that Defendants Gutierrez, Holland or Stelter were aware of the situation and failed to correct it.

For these reasons, Plaintiff fails to state a claim under the Eighth Amendment. Plaintiff will be permitted to amend this claim.

### 2. Fourteenth Amendment

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).

Plaintiff alleges that Defendants Rosander and Wood violated the Fourteenth Amendment by failing to process his appeals. However, Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Plaintiff therefore fails to state a claim under the Fourteenth Amendment. This claim cannot be cured by amendment.

### D. **CONCLUSION AND ORDER**

Plaintiff does not state any cognizable claims. The Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff

amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order, and
4. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **October 5, 2015**                    /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE