# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN ANTHONY GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>A. LEWIS, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00609-DLB PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO FOLLOW COURT ORDER AND FAILURE TO PROSECUTE |

Plaintiff Julian Anthony Garcia ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on March 2, 2015, and it was transferred to this Court on April 15, 2015.[1]

On December 1, 2015, the Court issued an order to show cause why the action should not be dismissed for failure to follow the Court's October 5, 2015, order to file an amended complaint. Plaintiff was ordered to file a response, or an amended complaint, within thirty (30) days. Over thirty days have passed and Plaintiff has not filed a response or otherwise communicated with the Court.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on May 7, 2015.

1

to comply with a pretrial order, the Court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quotation marks and citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation and internal quotation marks omitted). Further, the Court's need to manage its docket weighs in favor of dismissal, as "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . ." *Pagtalunan*, 291 F.3d at 642 (citation and internal quotation marks omitted).

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since March 2, 2015, and there is no operative complaint. The third factor, risk of prejudice to the defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor - public policy favoring disposition of cases on their merits - is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. Both the Court's order requiring Plaintiff to file an amended complaint and the order to show cause warned Plaintiff that failure to comply with the order may result in dismissal. Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's orders.

///

///

///

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for failure to obey a Court order and failure to prosecute.

IT IS SO ORDERED.

Dated: **January 13, 2016**                    /s/ Dennis L. Beck
                                               UNITED STATES MAGISTRATE JUDGE